IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR. NO. 00-083T |
| | : | (Superseding Indictment) |
| VINCENT A. CIANCI, JR. | : | |
| a/k/a "BUDDY;" | : | |
| FRANK E. CORRENTE; AND | : | |
| RICHARD AUTIELLO | : | |

**GOVERNMENT'S MOTION TO DISMISS**
**THE CLAIM OF MARK L. SMITH, ESQ.**

Now comes the United States of America, by and through its attorneys, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), and moves for dismissal of the claim of Mark L. Smith, Esq. to $17,349.75 from the $250,000 received by Friends of Cianci from members of the Providence Tow Association for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Michael P. Iannotti

MICHAEL P. IANNOTTI
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2005, a copy of the within Government's Motion to Dismiss the Claim of Mark L. Smith, Esq. and memorandum in support thereof was mailed, postage prepaid, to:

Mark L. Smith, Esq.
Park Square Place
176 Eddie Dowling Highway
Suite 202
North Smithfield, RI 02896

John A. MacFadyen, III, Esq.
MacFadyen, Gescheidt & O'Brien
The Owen building
101 Dyer Street
Providence, RI 02903

C. Leonard O'Brien, Esq.
129 Dyer Avenue
Providence, RI 02903

Richard Bicki, Esq.
CERILLI, McGUIRL, & BICKI
56 Pine Street
Providence, RI 02903

Richard Egbert, Esq.
99 Summer St., Ste. 1800
Boston, MA 02110

Edward J. Romano, Esq.
1515 Smith Street
North Providence, RI 02911

[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR. NO. 00-083T |
| | : | (Superseding Indictment) |
| VINCENT A. CIANCI, JR. | : | |
| a/k/a "BUDDY;" | : | |
| FRANK E. CORRENTE; AND | : | |
| RICHARD AUTIELLO | : | |

**MEMORANDUM IN SUPPORT OF**
**GOVERNMENT'S MOTION TO DISMISS**
**THE CLAIM OF MARK L. SMITH, ESQ.**

*Background*

On August 8, 2002, a Preliminary Forfeiture Order was entered forfeiting the interest of the defendant, Frank E. Corrente, in Friends of Cianci (hereinafter "Friends"), including but not limited to any interest in the $250,000 received by Friends from members of the Providence Tow Association and forfeiting the interest of the defendant, Vincent a Cianci, Jr. a/k/a/ "Buddy," in the $250,000 received by Friends from members of the Providence Tow Association.

On August 20, 2004, the United States Court of Appeals for the First Circuit affirmed the defendants' convictions and requested additional briefing on the sentencing issues. On April 5, 2005, the Court of Appeals vacated the sentences of the defendants and remanded to this court for re-sentencing citing United States v. Booker, 125 S.Ct. 738 (2005).

On June 27, 2005, the defendants were re-sentenced and

the above-referenced Preliminary Forfeiture Order was reimposed.

On November 8, 2005, the United States Attorney received the "Verified Claim Petition for Remission or Mitigation of Forfeiture of $250,000"[1] filed by attorney Mark L. Smith who had represented Friends in an attempt to vacate the April 3, 2001, Restraining Order preventing the transfer of Friends' assets. Smith is apparently seeking $17,349.75 from the $250,000 received by Friends from members of the Providence Tow Association.

*Argument*

Pursuant to 18 U.S.C. § 1963(ℓ)(6), a petitioner asserting a claim to property that is the subject of a preliminary order of forfeiture must demonstrate by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

---

[1]A Petition for Remission or Mitigation of Forfeiture is decided by the Attorney General of the United States, and is, therefore, not properly before the court. See 18 U.S.C. § 1963(g); 28 C.F.R. § 9.6(a).

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

This provision is essentially a standing requirement. See United States v. Padilla-Galarza, 351 F.3d 594, 600 (1st Cir. 2003).

In United States v. Schwimmer, 968 F.2d 1570, 1579-81 (2d Cir. 1992), it was held that general creditors lack a legal interest in forfeited property because they cannot establish the five elements required for standing under 18 U.S.C. § 1963(ℓ)(6). Those five elements are: (1) the petitioner must assert a right, title, or interest (2) that must be in the property ordered forfeited (3) that must be a legal right, title, or interest (4) that renders the forfeiture order invalid in whole or in part (5) because either (a) the petitioner's interest was vested at the time of the commission of the illegal acts or (b) the petitioner's interest was superior to the defendant's interest at the time of the commission of the acts.[2] Schwimmer, 968 F.2d at 1580.

---

[2]Pursuant to 18 U.S.C. § 1963(c), all right, title, and interest in property subject to forfeiture vests in the United States upon commission of the act giving rise to the forfeiture.

The petitioner, Mark L. Smith, Esq., is merely an unsecured general creditor of Friends. Clearly, his interest was not vested at the time of the commission of the illegal acts giving rise to the forfeiture as the fees he is claiming relate to his representation of Friends in proceedings which occurred after the defendants were indicted for those illegal acts.[3] Even if his representation pre-dated those acts, Smith took no action to secure his interest in the funds. As a general unsecured creditor, he will not be able to establish *any* right, title, or interest to $17,349.75 from the $250,000 received by Friends from members of the Providence Tow Association and contained in the Friends accounts. He, therefore, lacks standing to assert a claim to the funds from the Friends accounts. United States v. Ribadeneira, 105 F.3d 833, 836 (2d Cir. 1997); United States v. BCCI Holdings (Luxembourg) S.A., 46 F.3d 1185 (D.C.Cir. 1995), cert. denied, 515 U.S. 1160 (1995). United States v. Perkins, 382 F. Supp. 2d 146 (D. Me. 2005)(A person to whom the defendant owes child support payments is an unsecured creditor without standing to contest the forfeiture of the defendant's property unless she converted her debt to a secured interest in the property and a

---

[3]Although Smith attaches billing for representation in 2000, one year prior to the indictment, the billing also indicates that these fees have been paid.

lien was recorded prior to the commission of the criminal acts giving rise to the forfeiture).

An interest in property, for purposes of the forfeiture statute, must be an interest in a specific asset as opposed to a generalized interest in an entire estate or account. See United States v. McCorkle, 143 F. Supp. 2d 1311, 1319-20 (M.D. Fla. 2001)("a general creditor has no vested or superior interest in particular assets forfeited unless he not only has secured a judgment against the debtor, but also has perfected a lien against a particular item"). In United States v. Ribadeneira, 105 F.3d at 836, the court held that a person holding a check drawn on the defendant's forfeited bank account is a general unsecured creditor with no interest in specific funds. The court reasoned that since dollars are fungible, the check holders were not able to assert a "sufficiently identifiable legal interest" to satisfy the requirements of subsection 853(n).[4]

Similarly, as a general unsecured creditor of Friends, Smith cannot assert an interest in any specific account or other asset of Friends. His sole remedy is to commence a

---

[4]This section of the narcotics forfeiture statute, 21 U.S.C. § 853(n)(6), contains identical language to that found in the racketeering forfeiture statute at 18 U.S.C. § 1963(ℓ)(6).

civil action against Friends, and to obtain a lien on the assets that are not subject to forfeiture.[5]

Smith will also not be able to establish that he is a bona fide purchaser for value under subsection B of 18 U.S.C. § 1963(ℓ)(6). This section of the statute does not apply because Smith is claiming entitlement to funds he has not received. Even if he had received the funds, he still could not qualify as a BFP for value since it would have been presumed that as an attorney representing a party with an interest in the funds, he had read the indictment[6] by the time of his receipt of the funds and was aware of the forfeiture allegations contained therein. See Caplin & Drysdale v. United States, 491 U.S. 617, 633 n.10 (1989)("given the requirement that any assets which the Government wishes to have forfeited must be specified in the indictment, the only way a lawyer could be a beneficiary of section 853(n)(6)(B) would be to fail to read the indictment of his client"); Bailey v. United States, 54 Fed. Cl. 459 (Fed. Cl.

---

[5]The government estimates that after the forfeiture of the $250,000, at least an additional $250,0000 will remain in the Friends accounts. The remaining funds will be more than enough to satisfy Smith's claim.

[6]Smith specifically indicates that he read the indictment in the billing statement attached to his petition.

2002)(defense attorney who reads his client's indictment, and therefore knows that the Government is seeking forfeiture of the property listed in the forfeiture allegation, cannot be a BFP), aff'd, 94 Fed. Appx. 828 (Fed. Cir. 2004).

*Conclusion*

Since the petitioner, Mark L. Smith, Esq. will not be able to demonstrate that his status is no more than that of a general unsecured creditor of Friends, and, therefore, he will not be able to establish *any* right, title, or interest to $17,349.75 from the $250,000 received by Friends from members of the Providence Tow Association and contained in the Friends accounts, his claim should be dismissed pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) for lack of standing and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2005, a copy of the within Government's Motion to Dismiss the Claim of Mark L. Smith, Esq. and memorandum in support thereof was mailed, postage prepaid, to:

Mark L. Smith, Esq.
Park Square Place
176 Eddie Dowling Highway
Suite 202
North Smithfield, RI 02896

John A. MacFadyen, III, Esq.
MacFadyen, Gescheidt & O'Brien
The Owen building
101 Dyer Street
Providence, RI 02903

C. Leonard O'Brien, Esq.
129 Dyer Avenue
Providence, RI 02903

Richard Bicki, Esq.
CERILLI, McGUIRL, & BICKI
56 Pine Street
Providence, RI 02903

Richard Egbert, Esq.
99 Summer St., Ste. 1800
Boston, MA 02110

Edward J. Romano, Esq.
1515 Smith Street
North Providence, RI 02911